UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEBORAH WALTON,

        PLAINTIFF,

    V.                                 CASE NO. 1:11-CV-00417-JMS/MJD

CHASE HOME FINANCE LLC AND
EXPERIAN INFORMATION SOLUTIONS,
INC.,

        DEFENDANTS.

**DEFENDANT'S BRIEF IN SUPPORT OF CROSS-MOTION FOR
SUMMARY JUDGMENT & RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Defendant, JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC ("Chase"), by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of Southern District of Indiana Local Rules, respectfully submits its response in opposition to the Motion for Partial Summary Judgment ("Motion") filed by Plaintiff, Deborah Walton ("Walton") and also moves for cross summary judgment on Counts V and VI of Walton's First Amended Complaint [Dkt. 42].

**CHASE'S DESIGNATION OF EVIDENCE**

      Chase hereby designates the following materials in support of its response to Plaintiff's Motion and its Cross-Motion for Summary Judgment:

      1.    First Amended Complaint ("Complaint") filed in this matter by Walton on September 9, 2011, including all exhibits attached thereto.  [Dkt. 42].

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Walton obtained a loan for her home at 12878 Mayfair Lane, Carmel, Indiana, 46032 from Washington Mutual.

2.      Chase acquired the assets of Washington Mutual, including Walton's loan, and became the servicer for Walton's mortgage.

3.      Walton wrote, through counsel, to the credit reporting agency, Experian Information Solutions, Inc. ("Experian"), on January 12, 2010, requesting that Experian correct its credit reporting relating to Walton's Mortgage and copied Chase on that letter.

4.      Walton indicated in the letter that she disputed the accuracy of the information Chase was reporting and requested its removal.

5.      Walton also wrote, through counsel, to Chase on January 12, 2010, advising that Walton disputed Chase's escrow analysis and the costs associated with the forced placed insurance.

6.      On March 18, 2010, Walton wrote a letter to Chase disputing the amount that Chase had claimed that Walton owed on her mortgage and demanded a complete accounting of her payments and Chase's application of those payments.

7.      On October 25, 2010, Walton wrote to Chase demanding to know the amount due and owing on her mortgage, a complete payment history for her mortgage pursuant to RESPA, as well as a copy of any annual escrow statements and notice of any mortgage deficiency or surplus from the date Chase obtained the mortgage to the present.

8.      On November 13, 2010, Chase wrote Walton and informed her that Chase was investigating the matter.

2

9.      On December 2, 2010, Chase responded to Walton's qualified written request.

**ARGUMENT**

### I.      SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir.2009).

"A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir.2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir.2001); *See also Donovan v. Bishop*, 1:09-CV-275-WTL-TAB, 2010 WL 4062370 (S.D. Ind. Oct. 14, 2010).

### II.     CHASE COMPLIED WITH ITS OBLIGATIONS UNDER 12 U.S.C. § 2605(e)(2) WHEN IT RESPONDED TO WALTON'S QUALIFIED WRITTEN REQUEST

Count VII of Walton's Second Amended Complaint alleges a violation of RESPA, U.S.C. § 2605(e), because Walton contends that Chase failed to provide the information required under RESPA in response to Walton's qualified written request ("QWR"). *See* First Amended Compl. at ¶72 [Dkt. 42]. Specifically, Walton contends that Chase

3

violated RESPA by failing to timely respond to Walton's written request and failing to provide the requested information within the statutorily required period. Walton's RESPA claim fails, as a matter of law, because Chase responded to Walton's QWR within the statutorily required time period and in the manner dictated by the statute.

Section 2605 sets forth the timeliness requirements for mortgage servicers to respond to a borrower's QWR. A QWR is "written correspondence . . . that includes . . . the name and account of the borrower; and includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Specifically, if the servicer receives a QWR from the borrower for information relating to the servicing of the loan, the servicer must provide a written response acknowledging receipt of the correspondence within 20 days (excluding weekends and holidays) unless the borrower instead takes action on the borrower's request. 12 U.S.C. § 2605(e)(1)(A). Within 60 days (excluding weekends and holidays) from the receipt of the QWR, the servicer must then take one of three possible actions concerning the issue raised by the QWR: (1) make appropriate corrections to the account and notify the borrower of this in writing; (2) provide, in writing, an explanation of why the account is believed to be correct; or (3) provide, in writing, information the borrower requests or an explanation of why that information is unavailable to the servicer. 12 U.S.C. § 2605(e)(2)(B).

Walton sent a written request to Chase on October 25, 2010, and requested that the letter be treated as a QWR under 12 U.S.C. § 2605. First Amended Compl., Exhibit E [Dkt. 42]. Chase was obligated to acknowledge the receipt of the QWR within 20 days. Chase did in fact respond to Walton's written request by acknowledging receipt of

4

the written request in a letter, dated November 13, 2010.  First Amended Compl., Exhibit F [Dkt. 42].  Following the acknowledgement letter, Chase further responded with a letter, dated December 2, 2010, that directly responded to each of Walton's requests.  First Amended Compl., Exhibit G [Dkt. 42].

The above responses to Walton's written request were within section 2605(e)'s time requirements.  Chase received Walton's written request dated October 25, 2010.  Thus, the November 13, 2010 acknowledgement letter was sent within RESPA's 20-day deadline for acknowledgement letters and the December 2, 2010 additional response was sent prior to RESPA's 60-day deadline for substantive responses.

Section 2605(e) requires that a response letter provide the borrower with a written explanation or clarification that includes (1) a statement of the reasons for which the servicer believes the borrower's account is correct, **or** (2) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer 12 U.S.C. § 2605(e)(2), (3).

In this case, the December 2, 2010 response letter meets the second criteria.  The December 2, 2010 letter addressed each of the Walton's requests.  The December 2, 2010 letter provided the requested information relating to insurance and stated why the other information was unavailable.  Specifically, the December 2, 2010 letter stated that the requests were "forwarded  . . . to the appropriate departments to respond to your request. . . . You will receive conformation from those departments in separate mailings as soon as the situations are resolved."  First Amended Compl., Exhibit G [Dkt. 42].

Chase's response letter meets the second criteria by providing the requested information relating to insurance and stating why some of the other information

requested was unavailable.  Chase complied with the requirements of section 2605(e) as a matter of law.

Moreover, the RESPA claim cannot survive when Walton has not come forward with evidence sufficient to support an award of actual damages.  A plaintiff movant must meet all elements of its claims through designated evidence and legal argument.  "If the movant has the burden of persuasion at trial, then his burden on summary judgment is aligned with his trial burden: to show through affirmative evidence that there is no genuine dispute concerning all the material elements of his claim or affirmative defense."  *Property Owners Ins. Co. v. Cope*, 772 F.Supp. 1096 (N.D. Ind. 1991).  Walton has made no such showing.

RESPA allows for damages in an amount equal to the sum of:

> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)(1).  The Complaint merely alleges that, "As a result of its violations of the RESPA 12 U.S.C. Section 2506(e), Chase is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees."  First Amended Compl. at ¶73 [Dkt. 42].  Walton does not contend that Chase engaged in a "pattern or practice" of noncompliance.  Thus, to prevail under RESPA Walton must prove actual damages.  *See Catalan v. GMAC Mortg. Corp.,* 629 F.3d 676, 693-94 (7th Cir. 2011) ("Plaintiffs must come forward with evidence sufficient to support an award of actual damages to pursue their RESPA . . . claims.")  Walton has made no such showing.  For the reasons discussed above, this Court must deny Walton's motion for partial summary judgment for her RESPA claim.

### III.   PLAINTIFF'S FAIR CREDIT REPORTING ACT CLAIMS AGAINST CHASE FAIL AS A MATTER OF LAW

Counts V and VI of Walton's First Amended Complaint [Dkt. 42] allege that Chase violated the FCRA by reporting inaccurate information to a credit reporting agency (Count V) and by failing to correctly report results of an accurate investigation of the mortgage (Count VI).   "The purpose of the FCRA is to 'preserve the consumer's privacy in the information maintained by consumer reporting agencies.'"  *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004).  The FCRA prohibits abuse of the statute by limiting its use for private rights of action and by specifically enumerating the conditions required to give rise to a cause of action against data furnishers under the statute.  *See* 15 U.S.C. § 1681s-2(a)-(d).  Because Walton fails to demonstrate how Chase's actions give rise to a cause of action against data furnishers under the statute, Chase is entitled to judgment as a matter of all on all allegations and counts in the Complaint relating to Chase's violation of the FCRA.

### A.  Walton's FCRA claim under Section 1681i does not apply to Chase Because Chase is a not a consumer reporting agency.

Count V of Walton's Complaint is titled "Chase's Violation of the FCRA 15 U.S.C. § 1681i."  This count alleges that Chase violated §1681i by reporting derogatory information about Walton's mortgage payments to Experian with no reasonable basis for doing so.  Walton goes on to assert that as a result of Chase's "conduct, action, and inaction, Plaintiff has suffered damages, including but not limited to, emotional distress, embarrassment, and damage to her credit."  First Amended Compl. at ¶ 60 [Dkt. 42].  15 U.S.C. § 1681a(f) defines the term "consumer reporting agency."  It means:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties,

7

and which uses any means or facility or interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).  In short, a plain reading of §1681i clearly establishes that this section regulates the reinvestigation of disputed information only by credit reporting agencies.  15 U.S.C. § 1681i.  Specifically:

- Section 1681i(a)(1) sets forth the required notice to information furnishers by <u>credit reporting agencies</u>;

- Section 1681i(a)(2) sets forth the required notice to information furnishers by <u>credit reporting agencies</u>;

- Section 1681i(a)(3) sets forth the requirements for determinations that a dispute is frivolous or irrelevant by <u>credit reporting agencies</u>;

- Section 1681i(a)(4) sets forth the information required to be considered by <u>credit reporting agencies</u>;

- Section 1681i(a)(5) sets forth how inaccurate information is to be treated by <u>credit reporting agencies</u>;

- Section 1681i(a)(6) sets forth the notice requirements for the reinvestigation by <u>credit reporting agencies</u>;

- Section 1681i(a)(7) sets forth the requirements for a description of the reinvestigation by <u>credit reporting agencies</u>;

- Section 1681i(a)(8) sets forth the process for expedited dispute resolution by <u>credit reporting agencies</u>; and

- Sections 1681i(b) through (f) set forth additional requirements for <u>credit reporting agencies</u>, such as statement of dispute, notification of dispute, notification of deletion of disputed information, and requirements to resellers of information.

15 U.S.C. 1681i(a)-(f).

Section 1681i sets forth no duties or obligations for furnishers of information, such as Chase.  Rather, the duties of furnishers of information are set forth in 15 U.S.C. 1681s-2.  "The plain language of § 1681i creates duties and obligations for credit reporting agencies."  *Walton v. Bank of America*, 2012 WL 566305 (S.D. Ind. Feb. 17,

2012).  Because Chase is not a credit reporting agency, it is not subject to § 1681i.  *See id.* ("Because neither BAC nor its parent BOA is a credit reporting agency they are not subject to § 1681i.")

In this case, Chase is a furnisher of information as the servicer of Walton's loan. Chase is not subject to section 1681i because it is not a credit reporting agency. Consequently, Chase is entitled to judgment as a matter of law on Count V of the First Amended Complaint [Dkt. 42] related to the allegation that Chase violated 15 U.S.C. 1681i.

### B. Because Walton cannot affirmatively demonstrate that Chase received notice pursuant to § 1681(a)(2), she fails to meet her burden to avoid summary judgment under section 1681s-2(b) (Count VI).

Count VI of the Complaint is titled "Chase's Violation of the FCRA 15 U.S.C. §1681s-2(b)."  Walton alleges that Chase violated § 1681s-2(b) by: (1) continuing to report Walton's credit files to the credit reporting agencies without noting that there was a dispute regarding the mortgage, (2) by failing to properly investigate the dispute, (3) by failing to accurately respond to Experian, and (4) by failing to permanently correct its own internal records to prevent re-reporting of Chase's representations to the credit reporting agencies.  First Amended Compl. at ¶¶ 63-66 [Dkt. 42].

"A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007).  Walton contends that "[u]pon information and belief, Chase received notice from Experian that Plaintiff disputed the completeness or accuracy of information provided by Chase but Chase has failed to properly investigate

the dispute once it was notified by the credit reporting agencies of Plaintiff's dispute, in breach of the FCRA 1681s-2(b)." First Amended Compl. at ¶ 24 [Dkt. 42].

The Complaint also provides, "[i]n the alternative to Plaintiff's allegation that Experian contacted Chase regarding Plaintiff's dispute of the information Chase was reporting, it is alleged that Chase failed to conduct a lawful investigation of the dispute." (*Id*. at ¶ 29.)

Walton's allegations in Count VI are merely a collection of conclusory statements regarding alleged violations of section 1681s-2(b). Remarkably absent from Plaintiff's allegations are any specific facts as to actions by Chase that were in violation of the statute. Even if such allegations meet the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), such allegations fail to meet the more stringent requirement of the burden for a non-movant in a summary judgment motion.

Specifically, § 1681s-2(b)(1) provides that after the furnisher receives notice of dispute from the credit reporting agency, the furnisher shall:

> (A)**conduct an investigation** with respect to the disputed information; (B) **review all relevant information** provided by the consumer reporting agency . . .; (C) **report the results of the investigation** to the consumer reporting agency; [and] (D) if the investigation finds that the information is incomplete or inaccurate, **report those results to all other consumer reporting agencies** to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b)(1) (emphasis added). Walton's allegations in Count VI mirror the above pleading requirements set forth in § 1681s-2(b)(1). In fact, she alleges:

- "Chase violated FCRA 15 U.S.C. § 1681s-2(b) by **continuing to report** with Plaintiff's credit files with Experian without noting that there was a dispute regarding the Mortgage." First Amended Compl. at ¶ 63 [Dkt. 42].

- "Chase violated FCRA 15 U.S.C. § 1681s-2(b) by **failing to fully and properly investigate Plaintiff's dispute of Chase's representation and by failing to review all relevant information regarding the Mortgage**." First Amended Compl. at ¶ 64 [Dkt. 42].

- "Chase violated the FCRA 15 U.S.C. § 1681s-2(b) by **failing to accurately respond to** Experian." First Amended Compl. at ¶ 65 [Dkt. 42].

- "Chase violated the FCRA 15 U.S.C. § 1681s-2(b) by **failing to correctly report results of an accurate investigation of the Mortgage and by failing to permanently and lawfully correct its own internal records to prevent re-reporting** of Chase's representations to the credit reporting agencies." First Amended Compl. at ¶ 66 [Dkt. 42].

Section 1681s-2(b) addresses the duties of furnishers of information who receive notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." Under this subsection, furnishers of information – *after receiving notice of a dispute from a consumer reporting agency* – must review information provided by the consumer reporting agency, investigate and report any inaccuracies to all consumer reporting agencies to which the furnishers provide information. 15 U.S.C. § 1681s-2(b). Individual consumers have a private right of action against a furnisher of information under subsection (b) of § 1681s-2 of the FCRA.

The duties created by subsection s-2(b) are triggered only after the furnisher receives notice from a consumer reporting agency that a consumer is disputing credit information. Once a furnisher has received such notice, its obligations are delineated in 15 U.S.C. 1681s-2(b)(1)(A)-(D). The Complaint is devoid of any specific factual allegation that Chase received notice from a *consumer reporting agency* that the credit information was disputed. The Complaint contains specific factual allegations and evidence providing support that Walton provided Chase with notice that she disputed reporting of negative information relating to her Mortgage to the major credit bureaus.

*See e.g.* First Amended Compl. at ¶¶ 19 & 20 [Dkt. 42] (citing Exhibits B & C of the Complaint).   The Complaint also provides support that Walton provided a credit reporting agency, Experian, with notice that inaccurate information was in her credit report.  *See* First Amended Compl. at ¶ 17 [Dkt. 42].  The Complaint, however, fails to designate evidence showing that Walton complied with the specifically enumerated conditions of the statute, namely that Chase received notice from a *consumer reporting agency* that the credit information is disputed.  Thus, the duty for Chase to investigate is not triggered under 15 U.S.C. § 1681s-2(b).

Walton provides insufficient evidence to enable any rational trier of fact to find that she has met all the elements of her claims through designated evidence and legal argument.  A defendant moving for summary judgment on a plaintiff's claim need only make either of two showings to prevail.  The defendant may prevail by showing that the plaintiff cannot prove at least one essential element of the plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  Alternatively, the defendant may prevail by showing how the evidence negates at least one essential element of the plaintiff's claim.  *Id.* at 323.  After the defendant has made its showing, the non-moving party must come forth with evidence showing what facts are in actual dispute.  *Id.* at 322-23.[1] If the non-moving party fails to do so, summary judgment is proper.  *United States v. Selenske*, 882 F.2d 220 (7th Cir. 1989).  Mere conclusory assertions, whether made in

---

[1]

> If the movant does *not* have the burden of persuasion, however, his burden is reduced.  In *Celotex,* the Court held that such movants need not produce affidavits or other supporting material negating the nonmoving party's claim. *Celotex,* 477 U.S. at 324–25, 106 S.Ct. at 2553–54.  Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554.

*Property Owners Ins. Co. v. Cope*, 772 F.Supp. 1096 (N.D. Ind. 1991).

pleadings or in affidavits, are not sufficient to defeat a proper motion for summary judgment. *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985).

To withstand dismissal on summary judgment against its claim for any alleged violation of §1681s-2(b), Walton must establish that Chase received notice from a consumer reporting agency that information on the credit report was disputed. Walton has adduced no evidence showing that Chase received such notice. As a non-movant responding to the Defendant, Chase's summary judgment on issues for which Walton bears the burden, Walton bears the additional burden of coming forth with evidence showing that a genuine issue exists with respect to a material fact regarding whether Chase received notice of the dispute directly from a consumer reporting agency. Mere conclusory assertions does not satisfy Walton's summary judgment burden. *Id.* Walton's assertions lack any evidentiary support and thus fail to carry her burden in responding to Chase's motion for summary judgment as to this issue.

Though this Court may, for the purposes of deciding a motion for summary judgment, assume facts asserted by the opposing party are true, it may do so only to the extent that they are supported by admissible evidence. S.D. Ind. L.R. 56.1(e). "If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the court to the lack of evidence as to an element of that claim." *Acuity v. Nuthak Ins., LLC*, 1:10-CV-00261-LJM, 2011 WL 5179156 (S.D. Ind. Oct. 31, 2011). "If the nonmoving party fails to establish the existence of an element essential to [her] case, one on which [she] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir.1996).

13

Even if Chase's duty to investigate under §1681s-2(b) was triggered, Walton failed to plead even one specific fact regarding Chase's investigation.  Instead, as stated above, Walton merely made conclusory allegations tracking the statutory language.  Walton has not proffered the requisite evidence as to an element of her claim.  Therefore, Chase is entitled to summary judgment in its favor as a matter of law as to Count VI alleging a violations of section 1681s-2(b).

## CONCLUSION

For all of the foregoing reasons, Chase respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment, grant Chase's Cross-Motion for Summary Judgment on Counts V & VI of the First Amended Complaint [Dkt. 42], and grant Chase all other just and proper relief.

Dated: May 18, 2012

Respectfully submitted,

_s/Oni N. Harton_

Theodore J. Nowacki, Attorney #9678-49
Oni N. Harton, Attorney #27865-49

BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317)  684-5000
(317)  684-5173 (FAX)
Email: tnowacki@boselaw.com;
oharton@boselaw.com

Attorneys for Defendant,
Chase Home Finance LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David Michael Kasell
dkasell@sglawyers.com

Carl W. Butler
cbutler@fbtlaw.com
Michelle Lorbieski Anderson
mlorbieskianderson@fbtlaw.com
Thomas G. Hackney, PHV

Ryan Frasher
rfrasher@frasherlaw.com

s/Oni N. Harton
Oni N. Harton

2157090

15