UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEBORAH WALTON,                   )
                                  )
            Plaintiff,            )
        vs.                       ) NO. 1:11-cv-00417-JMS-MJD
                                  )
CHASE HOME FINANCE LLC,           )
                                  )
            Defendant.            )

**MINUTE ENTRY FOR SEPTEMBER 7, 2012**
**HEARING**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**


     This matter came before the Court for a hearing on
Plaintiff's Motion to Compel Response to Plaintiff's
Interrogatory No. 21. [Dkt. 140.]  For the reasons set forth more
fully on the record of the hearing, which are incorporated by
reference herein, the Court rules as follows:

     1.   Plaintiff's First Set of Interrogatories and Demand for
Documents to Chase Home Finance, LLC (the "Discovery Request")
were served on October 14, 2011.  [Dkt. 140-2.]  Defendant Chase
did not respond to the Discovery Request until July 16, 2012.
[Dkt. 144-1.]  Chase's response to the Discovery Request was
untimely in that neither Plaintiff nor the Court granted Chase an
enlargement until the date the response was served.

     2.   Chase's initial response to Interrogatory 21 of the
Discovery Request stated no objection; instead, it purported to
respond through the production of responsive documents pursuant
to Rule 33(d) of the Federal Rules of Civil Procedure.  [Dkt.

144-1 at 10.] Chase then produced documents Bates No. CH103 through CH109, inclusive, accompanied by an e-mail containing a key to the terms and codes set forth in those documents. [Dkt. 140-4 (Dkt. 140-4 omits Bates No. CH107, but both parties agree that page was among the documents produced in response to Interrogatory No. 21); Dkt. 144-2.]

3. On or about August 29, 2012, Chase served a Supplemental Response to Plaintiff's Interrogatory No. 21 (Chase initially served a draft Supplemental Response on or about August 23, 2012, [Dkt. 140-6]; however, that Supplemental Response was neither verified nor complete, as substantive changes thereto were made prior to service of the verified Supplemental Response dated August 29, 2012). [Dkt. 144-3.] The Supplemental Response purported to assert objections to Interrogatory No. 21. The Court finds that Chase waived any objections to Interrogatory No. 21 as a result of its untimely response to the Discovery Request. The Court further finds that Chase waived any objection to Interrogatory No. 21 when it failed to assert any objection in its initial response to that interrogatory. Additionally, even if timely and proper, Chase's objections to Interrogatory No. 21 would be overruled, as the Court finds Interrogatory No. 21 to be neither vague nor unduly burdensome and finds that Interrogatory No. 21 is reasonably calculated to lead to the discovery of information relevant to a claim or defense asserted in this matter.

4.   The Court finds Chase's original response to Interrogatory No. 21 to be insufficient under Rule 33(d), in that the burden of ascertaining the answer to Interrogatory No. 21 was not substantially the same for either party based solely upon the production of documents Bates No. CH103 through CH109 and the explanatory e-mail.  For example, it was not until the August 29, 2012 Supplemental Response that Chase explained for the first time that the name found at the bottom of pages Bates No. CH103 through CH109 represented the Chase employee who conducted the relevant investigation as requested by Interrogatory No. 21. [Dkt. 144-3 at 2.]  However, with the further information set forth in Chase's Supplemental Response, the Court finds that Chase's response to Interrogatory No. 21 is now sufficient.

5.   The Court finds that Chase was unreasonably dilatory in failing to respond to the Discovery Request for nine months without appropriate enlargements of time.  The Court further notes that, on July 9, 2012, Chase was ordered to respond fully to the discovery request by no later than July 16, 2012, [Dkt. 129]; however, Chase did not provide a complete response to Interrogatory No. 21 until on or about August 29, 2012. Accordingly, Plaintiff's Motion to Compel, [Dkt. 140], is hereby **GRANTED**; however, in light of the Supplemental Response to Plaintiff's Interrogatory No. 21, no further response to Interrogatory No. 21 is required.

6.    The Court further finds that, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, it is appropriate to award Plaintiff her reasonable expenses, including attorney's fees, incurred in making the motion.  In so ruling, the Court expressly finds that (I) Plaintiff attempted to obtain the necessary discovery in good faith without court action, (ii) that Chase's nondisclosure, response and objections were not substantially justified, and (iii) that no other circumstances make an award of such expenses unjust.  Accordingly, the Court Orders Plaintiff to submit a petition setting forth her expenses, including reasonable attorney's fees, incurred in making the Motion to Compel within seven days of the date of this Order. Within seven days of the date of the petition, Chase may file any objections to the fees sought.  Plaintiff may respond to any such objections within seven days of their filing.  Thereafter, the Court will review Plaintiff's petition and any objections and enter an order awarding Plaintiff her reasonable expenses, including attorney's fees, incurred in making the Motion to Compel to be paid by Defendant Chase.

During the hearing, the Court also addressed Defendant's Motion for Protective Order.  [Dkt. 139.]  Plaintiff's counsel represented that Plaintiff would not object to that motion. Accordingly, the motion will be granted by separate order.

So Ordered.

Dated:  09/12/2012

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel