UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:11-CV-00417-JMS-MJD |
| CHASE HOME FINANCE, LLC | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S PETITION SETTING FORTH REASONABLE ATTORNEY'S FEES
AND EXPENSES INCURRED IN MAKING MOTION TO COMPEL**

Plaintiff Deborah Walton ("Walton") submits this Petition pursuant to the Court's September 12, 2012 (the "Order") awarding Walton reasonable attorney's fees and expenses incurred in moving to compel Defendants to respond to Walton's Interrogatory No. 21 (the "Motion") under Fed. R. Civ. P. 37(a)(5)(A). An award of $13,837.50 of attorney's fees and paralegal expenses incurred in litigating the motion to compel is reasonable. Specifically:

- Walton's attorney and paralegal time of 23.3 hours litigating the Motion is reasonable because Walton's attorneys prepared detailed memoranda of law, cited many legal authorities, prepared six exhibits and a proposed order, and conducted oral argument in support of the Motion, and also prepared a detailed petition supporting fees;

- The attorney time spent on the Motion is particularly reasonable given that almost all of it was handled by just one attorney to minimize duplication, and the time was considerably less than the time other Seventh Circuit courts have held reasonable in this context.

- Walton's attorney's hourly rates are reasonable because they are the same that they customarily charge for comparable work, and are consistent with rates that have been approved in a recent FCRA matter.

- Walton's attorney's hourly rates are further justified by the fact that Walton relied primarily on one attorney to handle the Motion, thus avoiding excess fees through duplication in involving other attorneys.

1

I.     **The Time Spent Litigating this Motion Has Been Reasonable, and is Less Than the Time that Other Seventh Circuit Courts Have Held is Reasonable in this Context**

An award covering the time spent by Walton's attorney's litigating the Motion warranted, because it is supported by "detailed billing records" showing that the time spent on the Motion was reasonable. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005). Walton has submitted a detailed billing record of attorney and paralegal time spent on the Motion, which reflects a total of 23.3 hours and $13,837.50 in total fees. (Ex. 1 to Decl. of S. Lieberman in Support of Fee Petition ("Lieberman Decl.") at 1-2.) This reflects 21.1 hours by Plaintiff's primary counsel, Mr. Lieberman, in developing the strategy for the Motion, drafting memoranda of law in support of the motion, performing legal research to identify numerous supporting authorities, identifying six supporting exhibits, drafting a proposed order, and conducting oral argument on the Motion. (*Id.*) It also includes 1.8 hours of legal research by attorney Kate Maurer-Hollaender, and 0.4 hours of paralegal time assembling exhibits for use in the Motion. (*Id.*) Such time is reasonable on a Motion made necessary where Defendant was "unreasonably dilatory in failing to respond" to Walton's Interrogatory Request for nine months. (Order at 3.)

The attorney time was reasonable because the Motion required two detailed memoranda of law citing numerous authorities, conducting related legal research as to legal standards under Rule 33 and Rule 33(d), assembling six supporting exhibits, and oral argument on the Motion. (Lieberman Decl. Ex. 1 at 1-2.) It should be plain that 23.3 hours of time spent on the Motion is reasonable, because it is far less than what another Seventh Circuit court held is reasonable for litigating a motion to compel. *See, e.g., Webb v. CBS Broadcasting, Inc.*, 2011 WL 4501366, at *3-*5 (N.D. Ill., Sept. 28, 2011). In *Webb*, the Court held that at least 100 hours spent on a renewed motion for sanctions for discovery deficiencies was reasonable because it involved two detailed "memorand[a]" of law, "attached exhibits" and "preparation for a hearing." *Id.* at *4-*5.

Similarly, *Webb* also held that 63.2 hours spent on briefing and arguing a separate motion to compel involving confidential documents was reasonable, and awarded fees based on those hours. *Id.* at *5-*7; *accord Bertam Music Co. v. P&C Enterps., Inc.*, 2011 WL 3820661, at *7 (C.D. Ill., Aug. 29, 2011) (awarding fees based on roughly 240 hours of work, including substantial work on "discovery disputes" and "motions to compel"). *Webb* should govern here.

Moreover, the attorney time at issue here is particularly reasonable given that Walton conserved resources and avoided duplication by relying primarily on one attorney, Mr. Lieberman, to litigate the Motion – consisting of 21.1 of the 23.3 hours involved. By contrast, *Webb* approved attorney's fees involving at least three attorneys and a paralegal dedicating significantly more time to the motion at issue. *Webb*, 2011 WL 4501366, at *4-*5.

Finally, it is also reasonable for Walton to include 5.8 hours spent on this Petition for fees as part of the 23.3 hours upon which its fee request is based. This court has held that "[a]mple case law supports the proposition that" in litigating a fee award "a component of that award may include a reasonable fee for the time expended in preparing and litigating the fee petition." *Crispin v. Bd. of Educ. of the City of Chic.*, 2010 WL 3701328, at *7 (N.D. Ill., Sept. 10, 2010) (quoting *Trs. Of the Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc.*, 2008 WL 728897, at *6 (N.D. Ill., Mar. 18, 2008)); *cf. Webb*, 2011 WL 4501366, at *3-*5 (granting attorney's fees for preparation of sanctions motion). The attorney time expended on the Petition is relatively slight, 5.8 hours, comprising 4 hours by Mr. Lieberman and 1.8 hours by Ms. Maurer-Hollaender. (Ex. 1 to Lieberman Decl.)

## II.   The Hourly Rates Requested are Reasonable

The hourly rates sought in this Petition of $625 for Mr. Lieberman's hourly rate, $300 for Ms. Maurer-Hollander's hourly rate, and $275 per hour for an experienced paralegal are also

reasonable, because they are the customary rates charged by Walton's attorneys. As set forth in the Lieberman Declaration, the $625 hourly fee for Mr. Lieberman is the rate he charges generally for matters handled by his Firm. (Lieberman Decl. ¶ 3.) Likewise, the $300 hourly rate for attorney Ms. Maurer-Hollander and $275 hourly rate for paralegal Ms. Green are the customary rates charged for their time. (*Id.* ¶¶ 4-5.)

Mr. Lieberman is a Partner at Sadis & Goldberg LLP with over a decade of commercial litigation experience, who has also clerked for Judges on the U.S. Courts of Appeals for the D.C. and Ninth Circuits. Ms. Maurer-Hollander is a junior attorney with over two years of legal experience. And Ms. Green is an experienced paralegal who has worked as Sadis & Goldberg for over five years. Sadis & Goldberg LLP has handled numerous FCRA actions. (*Id.* ¶¶ 5-8.)

It is well-settled in the Seventh Circuit that "[a]n attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate," in awarding attorney's fees. *Martin v. City of Indianapolis*, 28 F. Supp. 1098, 1103 (S.D. Ind. 1998) (quoting *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)); *Bertam Music Co. v. P&C Enterps., Inc.*, 2011 WL 3820661, at *7 (C.D. Ill., Aug. 29, 2011) (same). The fees that an attorney actually charges and is paid by clients generally is not just "evidence about market value; it *is* market value. *TruServ Corp.*, 419 F.3d at 593 (emphasis in original). This Petition seeks an award of fees at Walton's attorney's customary hourly rates, and thus the *Martin*, *People Who Care* and *TruServ Corp.* line of cases should govern.

In fact, these hourly rates are in line with rates that have been awarded in this Circuit and in a FCRA action. A recent decision has held that an award of attorney's fees "as high as $825 per hour" was warranted for the primary counsel in a FCRA action. *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1088 (S.D. Tex. 2012); *id.* at

1048 (noting that primary claim was for "violations of Fair Credit Reporting Act"). Similarly, the *Bertram Music* case in this Circuit awarded attorney's fees, including those "billed at an hourly rate of $585.00." *Bertram Music Co.*, 2011 WL 3820661, at *5. Accordingly, the hourly rates requested in this Petition are reasonable under *Heartland* and *Bertram Music*.

Finally, the requested hourly rates are also reasonable because of the cost savings obtained through Walton's attorney's primary reliance on one attorney – Mr. Lieberman – to handle almost all work on the Motion. Using one attorney achieved a cost savings compared to the likelihood of multiplication of fees involved in delegating work to multiple lawyers in litigation. *See, e.g., Webb*, 2011 WL 4501366, at *3-*5 (permitting award based on roughly 100 hours of attorney time involving at least three lawyers). Accordingly, an assessment of the reasonableness of Mr. Lieberman's hourly rate should take into consideration the cost savings obtained by relying almost entirely on one experienced lawyer instead of several junior ones.

## CONCLUSION

For the foregoing reasons, Plaintiff's Petition for $13,837.50 in reasonable attorney's fees and expenses should be granted.

Dated: September 19, 2012

Respectfully submitted,

Samuel J. Lieberman (*Pro Hac Vice*)
Sadis & Goldberg, LLP
551 Fifth Avenue, 21st Floor
(212) 573-8164
(212) 573-8419
SLieberman@sglawyers.com

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Petition Setting Forth Reasonable Attorney's Fees and Expenses Incurred in Making Motion to Compel motion to compel has been filed with the Clerk of Court on September 19, 2012, and served upon the following counsel of record:

Alan S. Townsend
David J. Jurkiewicz
Oni N. Harton
Theodore J. Nowacki
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173
atownsend@boselaw.com
djurkiewicz@boselaw.com
oharton@boselaw.com
tnowacki@boselaw.com

                                                Samuel J. Lieberman (*Pro Hac Vice*)
                                                Sadis & Goldberg, LLP
                                                551 Fifth Avenue, 21st Floor
                                                (212) 573-8164
                                                (212) 573-8419
                                                SLieberman@sglawyers.com