UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON,<br><br>      PLAINTIFF,<br><br>V.<br><br>CHASE HOME FINANCE LLC AND<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.,<br><br>      DEFENDANTS. | CASE NO. 1:11-CV-00417-JMS/MJD |

**DEFENDANT, JPMORGAN CHASE BANK'S REPLY TO
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S CROSS-
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC ("Chase"), by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of Southern District of Indiana Local Rules, respectfully submits its Reply to Plaintiff's Memorandum in Opposition to Defendant's Cross-Motion for Partial Summary Judgment ("Pl.'s Mem. in Opp'n").

**CHASE'S DESIGNATION OF EVIDENCE**

Chase hereby designates the following materials in support of its Reply to Plaintiff's Response to Defendant's Cross-Motion for Partial Summary Judgment.

1.     A true and correct copy of excerpts from the transcript of the deposition of Richardra Winder, Chase's Rule 30(b)(6) designee taken on September 21, 2012, pages 14-17.

**I.   THE DEFENDANT HAS FAILED TO DISPUTE ANY
OF THE MATERIAL FACTS ESTABLISHED BY THE PLAINTIFF**

The Statements of Fact set forth in Chase's Brief in Support of its Cross-Motion for Partial Summary Judgment have not been disputed by the Plaintiff and, therefore, should be

deemed admitted to exist without controversy, pursuant to L.R. 56.1(e).  This is because the Plaintiff did not submit a Statement of Material Facts in Dispute, as required under L.R. 56.1(b), and failed to respond to Chase's asserted material facts with admissible evidence.  Thus, for purposes of this Cross-Motion for Partial Summary Judgment, the Court should assume that the material facts not in dispute as stated in Chase's Brief are true.

## II.  INTRODUCTION

Walton's contention that Chase "utterly failed to conduct a reasonable investigation into the disputes" is not supported by designated evidence.  There is no genuine issue of material fact that Chase is entitled to summary judgment as to Counts V and VI of Walton's First Amended Complaint.

The evidence designated by Walton consist of 7 ACDV dispute forms.  *See* Pl.'s Exs. 3-9 [Dkt. 152-4 through Dkt. 152-10].  This evidence proffered by Walton reflects that Chase responded to the disputes.  The information below was compiled from the Plaintiff's Exhibits 3-9.  *See id.*

| DATE CHASE RECEIVED DISPUTE FROM CREDIT REPORTING AGENCY | DATE CHASE RESPONDED TO ACDV | DISPUTE 1/ RELEVANT INFORMATION | CREDIT REPORTING AGENCY |
|---|---|---|---|
| 12/16/2009 | 12/16/2009 | Disputes represent/previous account status/ payment history | Equifax |
| 12/17/2009 | 12/17/2009 | Disputes present / previous account status / payment history | Trans Union |

2

| | | | |
|---|---|---|---|
| 01/21/2010 | 01/21/2010 | Disputes present / previous account status / payment history | Trans Union |
| 01/21/2010 | 01/21/2010 | Consumer states inaccurate information / Requests remove / do not report negative information until completion of appeal of real estate tax | Equifax |
| 01/29/2012 | 02/02/2012 | Disputes present / previous account status / payment history Disputing forced place policy cost and real estate tax assessment / CURR ACCT ACT. Dt. 1/28/10 | Experian |
| 02/12/2010 | 02/24/2010 | Claims company will delete. Account is in litigation. Requested account be removed pending litigation | Experian |
| 01/24/2012 | 02/10/2012 | Claims company will delete Account pending litigation | Experian |

As set forth in the ACDV forms, Chase representatives responded to each ACDV and complied with all obligations under 15 U.S.C. § 1681s-2(a)-(d), to investigate and respond to the Consumer Reporting Agencies ("CRAs").

3

## III.  ARGUMENT

Walton's sole claim is that Chase's investigation of the credit disputes was unreasonable. Each of Walton's arguments is addressed in turn.

### A. Chase complied with the mandates of § 1681s-2(b) in conducting its investigation of Walton's disputes.

Chase conducted a reasonable investigation pursuant to the requirements of 1681s-2(a).

§1681s-2(b) provides:

(1) In general
After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the complete accuracy of any information provided by a person to a consumer reporting agency, the person shall - -
 (A) conduct an investigation with respect to the disputed consumer information
 (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
 (C) report the results of the investigation to the consumer reporting agency;
 (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis;
 (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency, only, as appropriate, based on the results of the reinvestigation promptly - -
  (i) modify that item of information;
  (ii) delete that item of information; or
  (iii) permanently block the reporting of that item of information
(2) Deadline
A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 1681s-2(b).

The undisputed evidence demonstrates that Chase received ACDVs indicating that Walton advised the CRAs that she disputed certain account information.  The evidence also

4

demonstrates that Chase investigated and provided an update to the CRAs within the statutory period for doing so. In the 30(b)(6) deposition of Richarda Winder, Chase's witness, elaborated on the procedures that were articulated in Chase's response to Plaintiff's Interrogatory No. 21.[1] *See* Dkt. 144-3, Chase's Supplemental Response to Interrogatory No. 21. In Interrogatory No. 21, Chase explained the procedures employees in the Mortgage Banking Credit Department use to investigate each dispute that arrives in its ACDV queue.

In order to provide the update, Chase's internal records are reviewed. The records reviewed depend on the code listed in the section of the ACDV identifying the dispute. *See id.*; *see also* Ex. 1; Ex. Decl. 2, 30(b)(6) Deposition of Richarda Winder, p. 14-17. The designated evidence shows that based on the particular dispute, the Mortgage Banking Credit Department employee investigated the information within its system related to each particular dispute. *See id.*

Chase conducted a reasonable investigation of all disputes and the information provided to the credit reporting agencies is accurate. A subsequent consumer inquiry after a reasonable investigation is completed is not determinative of whether Chase complied with its duties under § 1681s-2(b).

The facts in this case are readily distinguishable from those Walton cites. Here, ACDVs report accurate information. The "major discrepancy" Walton highlights is that Chase reported Code "XH"[2] at the same time she was disputing information. She also notes that on the January 24, 2012 ACDV, Chase has reported "XB" instead of "XH". "XB" indicates that the consumer disputes account information. This argument boils down to: Chase reported XH-

---

[1] The 30(b)(6) witness consulted with the supervisor of the individuals who responded to each of the ACDVs to verify the procedures relating to the responses. See Ex. at 7-8.
[2] XH indicates: account previously in dispute – now resolved.

5

(previously in dispute) when Walton subsequently raised new disputes. Noting a "dispute" is not dispositive on the issue of whether Chase conducted a reasonable investigation.

Courts have generally concluded that the FCRA requires "reasonable" investigation and review, given the circumstances. *E.g., Scheel–Baggs v. Bank of Am.,* 575 F.Supp.2d 1031, 1039 (W.D.Wis.2008); *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir.2005) (assuming without elaboration that § 1681s–2(b) requires "reasonable" investigation).

In *Westra,* a consumer filed a credit dispute after an identity thief fraudulently opened several accounts in his name. 409 F.3d at 826. The dispute transmitted by the CRAs and received by the defendant furnisher of information merely alleged that "the account did not belong to" the plaintiff; it did not mention identity theft as the cause. *Id.* at 827. In light of this "scant information," the Seventh Circuit held that the defendant had as a matter of law satisfied its duty to investigate when it simply confirmed the consumer's name, address, and date of birth. *Id.*

In addition to the reasons noted above, Walton's arguments relating to failure to report the account as disputed under §1681s-2(a)(3) also fail because she does not have standing to bring a claim under this section. Enforcement of § 1681s-2(a) is limited to governmental agencies. Based upon the plain meaning of this section, and the case law interpreting that section, Walton has no standing. *See Perry v. First Nat'l Bank,* 459 F.3d 816, 822 (7th Cir.2006) (stating that the FCRA provides an exemption for private rights of action under § 1681s–2(a)); *Rollins v. Peoples Gas Light & Coke Co.,* 379 F.Supp.2d 964, 967 (N.D.Ill.2005) ("It is undisputed that there is no private right of action under § 1681s–2(a)"); *Lang v. TCF Nat'l Bank,* 2008 WL 5111223, at *3 (N.D.Ill. Dec. 1, 2008) ("No private right of action exists, however, for violations of § 1681s–2(a)."); *see also* 15 U.S.C. § 1681s–2(d) (read in conjunction with

6

§ 1681s–2(c), § 1681s–2(d) limits the enforcement of claims asserted under § 1681s–2(a) to "Federal agencies and officials and the State officials identified in § 621 [15 U.S.C. § 1681s]").

Additional differences between the ACDVs are also of no moment in an inquiry relating to Chase's obligations under §1681s-2(b). For instance, Walton notes that on one ACDV "30 days past due" is indicated, while on another ACDV to a different CRA on the exact same date is reported no history for that month. Chase is not required to report history. To the extent it reports history, Chase must comply with its duties under § 1681s-2(b). Walton's account history does reflect a past due payment. *See*, Dkt. 152-14. Further, Walton claims that the ACDVs are inaccurate because a litigation hold was placed on her account. FCRA does not require Chase to discontinue reporting information to a consumer reporting agency during litigation. Chase is obligated to report accurate information, to the extent it chooses to report. Again, the payment history for Walton's account demonstrates that she was indeed 60 days past due. *See id.*

>   B.  **Examining the underling loan documents in response to an ACDV was not required for a reasonable investigation given the nature of the disputes Walton provided to the credit reporting agencies.**

Chase's duties to conduct a reasonable investigation as required by § 1681s-2(b) do not require it to "consider[ ] the underlying original mortgage documents and account documents in conducting its investigations of Ms. Walton's credit disputes." Pl's Opp'n Mem., 16. The cases cited do not support this proposition. These cases relate to circumstances where a court would find that "underlying documents such as account applications"[3] must be consulted. For example, in *Johnson*, there was a disagreement regarding who applied for the account. Thus, the *Johnson* court reasoned that a jury could reasonably conclude that the bank acted unreasonably in its investigation. *Johnson*, 357 F.3d at 431. The court implied that in a situation where the identity of account holder is in question, a reasonable investigation would include more than simply

---

[3] *Johnson v. MBNA Am. Bank*, 357 F.3d 426, 431.

7

verifying information in its consumer information system which provides name, address, social security number, and date of birth to confirm the identity of an account holder. The circumstances in that case warranted more.

The facts in this case are easily distinguished from the facts in *Johnson*. Walton's identity and execution of the loan documents were not in question. Therefore, a reasonable investigation in this case does not require Chase to consult the underlying mortgage documents. All information required for the disputes in this case, listed *supra* can be ascertained by reviewing the information in its internal records system relating to account information, which Mortgage Banking Credit Department employees did. *See* II. A, supra. The additional cases cited by Walton are equally inappropriate to lend support to her argument. *See*, *Alabran v. Capital One Bank*, 2005 WL 3338663 (E.D. Vir. 2005) (involving an identity dispute); *Bruce v. First U.S. Bank, N.A.*, 103 F.Supp.2d 1135 (E.D. Missouri 2000) (involving an identity dispute where plaintiff alleged that his former wife had fraudulently opened accounts). Evidence that Chase did not consult underlying original mortgage documents for the specific disputes has no bearing regarding whether Chase conducted a reasonable investigation of the disputes.

**C.     Walton contends that Chase was required to consult its attorneys prior to responding to an ACDV.**

Walton claims that "Chase's investigation was deficient because Chase failed to 'consult with lawyers before providing the ACDV responses." Pl's . Mem. In Opp'n, 17. This contention lacks authority. FCRA is devoid of a requirement that a credit furnisher consult with a lawyer before providing the ACDV responses.

Walton's citation to *Scheel-Baggs v. Bank of America*, 575 F. Supp.2d 1031, 1040 (W.D. Wis. 2008) is distinguishable. In *Scheel-Baggs*, the court reached the conclusion that the company needed to consult with its own lawyers prior to responding to a credit dispute as part of

8

a "reasonable investigation" because the lawyers in that case had information relating to an arbitration decision that involved the disputed accounts. Consulting its lawyers would have informed the company of information about an account. This information was necessary to provide accurate information to the consumer reporting agency. *See Scheel-Baggs,* at 575 F.Supp.2d at 1040. Again, *Scheel-Baggs* is inapposite in this case for the ACDV forms issued to Chase as a result of Walton's dispute. Chase was not required to consult with lawyers under the requirements of § 1681s-2(b) or under the facts of this case.

## CONCLUSION

For all the foregoing reasons, Chase respectfully requests that this Court deny Plaintiff's Motion for Partial Summary Judgment, grant Chase's Cross-Motion for Summary Judgment on Counts V and VI of the First Amended Complaint, and grant Chase all other just and proper relief.

Respectfully submitted,

**s/David J. Jurkiewicz**
Theodore J. Nowacki, Attorney #9678-49
David J. Jurkiewicz, Attorney #18018-53
Oni N. Harton, Attorney #27865-49

BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317)  684-5000
(317)  684-5173 (FAX)
Email: tnowacki@boselaw.com;
djurkiewicz@boselaw.com;
oharton@boselaw.com

Attorneys for Defendant,
JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC

## CERTIFICATE OF SERVICE

  I hereby certify that on November 8, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        David Michael Kasell
        dkasell@sglawyers.com

        Carl W. Butler
        cbutler@fbtlaw.com

        Michelle Lorbieski Anderson
        mlorbieskianderson@fbtlaw.com

        Ryan Frasher
        rfrasher@frasherlaw.com

        Samuel J. Lieberman
        slieberman@sglawyers.com

                **s/David J. Jurkiewicz**
                David J. Jurkiewicz

2248466_1/12231.207