UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH WALTON, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs*. | ) | 1:11-cv-00417-JMS-MJD |
| | ) | |
| CHASE HOME FINANCE LLC, | ) | |
|    *Defendant.* | ) | |

## ORDER

Presently before the Court in this action brought under New York's General Business Law ("GBL"), the Indiana Consumer Protection Sales Act ("ICPSA"), the Fair Credit Reporting Act ("FCRA"), and the Real Estate Settlement Procedures Act ("RESPA") are three motions: (1) Defendant Chase Home Finance LLC's ("Chase") Motion to Deny Plaintiff's Request for Default Judgment and to Allow Chase to File Its Belated Answer to First Amended Complaint, [dkt. 153]; (2) Plaintiff Deborah Walton's Motion for Entry of Default Against Defendant Chase Home Finance, LLC Under Rule 55(a), [dkt. 156]; and (3) Ms. Walton's Motion for Default Against Defendant Chase Home Finance, LLC Under Rule 55(b), [dkt. 159].

## I.
### BACKGROUND

On January 18, 2011, Ms. Walton filed a Complaint which asserted claims against Chase for violation of GBL § 349, [dkt. 1 at 6], violation of FCRA §§ 1681i and 1681s-2(b), [*id.* at 8-9], violation of RESPA §§ 2605, [*id.* at 10], and for an accounting under RESPA, [*id.* at 10-11].[1] Chase answered the Complaint on February 22, 2011, denying the substantive allegations against it and asserting twenty-five affirmative defenses. [Dkt. 4.]

---

[1] Ms. Walton originally named Experian Information Solutions, Inc. as an additional defendant, but voluntarily dismissed it on April 23, 2012. [Dkt. 116.]

- 1 -

On September 12, 2011, Ms. Walton filed her First Amended Complaint which asserted the same claims against Chase as the original Complaint, but added a claim for violation of the ICPSA. [Dkt. 44 at 6-7.] The time for Chase to answer the First Amended Complaint was eventually extended to February 3, 2012, [dkt. 60], but Chase failed to file its answer by that date. Ms. Walton's counsel reminded Chase's counsel of Chase's failure to answer the First Amended Complaint in email messages dated September 20, 2012 and October 11, 2012, and in an October 11, 2012 voicemail. [Dkts. 159-2 at 2; 159-6 at 2-3.] Ms. Walton's counsel did not receive a response to his October 11, 2012 reminders. [Dkt. 159-2 at 2.]

On October 22, 2012, Ms. Walton filed her Reply in further support of her Motion for Partial Summary Judgment, [dkt. 151], wherein she requested that the Court "grant default judgment…under Rule 55(b) because Chase has failed to file an Answer to the Amended Complaint, more than a year after Ms. Walton filed the Amended Complaint…," [*id.* at 19]. Ms. Walton attached a Motion for Default Judgment as an exhibit to her Reply. [Dkt. 151-3.] The Court denied the motion because it was not filed as a separate motion pursuant to Local Rule 7-1(a), and because Ms. Walton had neither requested nor secured a Clerk's Entry of Default pursuant to Fed. R. Civ. Pro. 55(a). [Dkt. 155.]

In the meantime, Chase filed a Motion to Deny Plaintiff's Request for Default Judgment and to Allow Chase to File Its Belated Answer to First Amended Complaint on October 23, 2012. [Dkt. 153.] Ms. Walton filed a Motion for Entry of Default on November 1, 2012, [dkt. 156], and a Motion for Default on November 9, 2012, [dkt. 159].

## II.
### DISCUSSION

Chase requests permission to file its Answer to the First Amended Complaint, arguing that Ms. Walton will not be prejudiced by allowing it to file an Answer, and that it has fully par-

ticipated in the litigation. [Dkt. 163 at 3-5.] Ms. Walton argues that she will suffer prejudice if Chase is allowed to answer because discovery has closed and summary judgment briefing is ongoing. [Dkt. 156 at 2.] Ms. Walton further asserts that Chase's failure to timely answer the First Amended Complaint is part of a "pattern of refusing to timely participate in this action…." [Dkt. 160 at 3.]

The Court has considered the parties' arguments and has carefully compared the Complaint, the First Amended Complaint, and Chase's Answers to both. This comparison reveals that the allegations against Chase in the Complaint and the First Amended Complaint are verbatim the same, save for a few exceptions: (1) Paragraph 34 of the First Amended Complaint adds allegations that Chase violated the GBL by "failing to properly investigate disputed information in Plaintiff's credit history, failing and refusing to cash checks submitted by Plaintiff, and failing to properly credit tendered payments," [dkt. 44 at 6, ¶ 34]; (2) Ms. Walton adds a claim in the First Amended Complaint for violation of ICPSA against Chase, [*id.* at 6-7, ¶¶ 37-44]; and (3) Ms. Walton adds requests for statutory damages under the GBL and the ICPSA, and for costs and attorneys' fees under the ICPSA, [*id.* at 12, ¶¶ H-J].

Similarly, Chase's Answers to the Complaint and the First Amended Complaint are nearly verbatim, except for one difference: in response to allegations in the First Amended Complaint referencing exhibits, Chase asserts that the documents speak for themselves and ultimately denies the allegations, instead of denying the allegations based on a lack of knowledge or information as it did in its Answer to the Complaint. [*See, e.g.*, dkt. 4 at 3, ¶ 17 and dkt. 153-1 at 4, ¶ 17.] The Court does not find this difference material, as both responses constitute denials.

As for the new ICPSA claim, the Court notes that the allegations Ms. Walton sets forth in connection with that claim are, for the most part, also alleged in connection with other claims

asserted in the Complaint, which Chase has already answered.  Indeed, the ICPSA claim is closely modeled after the already-answered GBL claim, only adding allegations that Chase engaged in unconscionable conduct (in addition to the allegedly deceptive conduct already asserted) by "failing to properly investigate disputed information in Plaintiff's credit history, failing and refusing to cash checks submitted by Plaintiff, and failing to properly credit tendered payments," that "Plaintiff gave notice to both Defendants of their deceptive practices," and that "[m]ore than 30 days passed after Plaintiff's notice to the Defendants but neither Defendant cured their breaches."  [Dkt. 44 at 7, ¶¶ 40-42.]

Many of these additional allegations appear elsewhere in the original Complaint and, thus, were already answered by Chase.  For example, allegations of failing to properly investigate appear in connection with Ms. Walton's original FCRA § 1681s-2(b) claim (alleging that Chase failed to "fully and properly investigate Plaintiff's dispute of Chase's representation and [failed] to review all relevant information regarding the Mortgage," [dkt. 1 at 9, ¶ 56]).  Ms. Walton also alleged in her original Complaint that Chase refused to cash her checks.  [*Id.* at 3, ¶ 13.]

The Court finds that allowing Chase to now answer the few allegations – if any – that were added through the First Amended Complaint and that it had not previously answered, will not prejudice Ms. Walton.  Extensive discovery has already taken place, and allegations regarding Chase's investigation of Ms. Walton's account, its alleged refusal to cash her checks, and its alleged failure to credit those payments toward her account are central to, or at least intertwined with, claims she asserted in her original Complaint.

Further, the Seventh Circuit Court of Appeals favors a policy of "trial on the merits over default judgment."  *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).  Chase has

actively participated in the litigation – the parties have completed discovery[2] and fully briefed dueling motions for partial summary judgment, and trial is scheduled to take place in approximately two months.  Prohibiting Chase from answering an amended complaint that is nearly identical to the original complaint by filing an answer that is nearly identical to its original answer would be inappropriate.[3]

### III.
#### CONCLUSION

Accordingly, the Court **GRANTS** Chase's Motion to Deny Plaintiff's Request for Default Judgment and to Allow Chase to File Its Belated Answer to First Amended Complaint, [dkt. 153], and **DENIES AS MOOT** Ms. Walton's Motion for Entry of Default Against Defendant Chase Home Finance, LLC Under Rule 55(a), [dkt. 156], and Motion for Default Against Defendant Chase Home Finance, LLC Under Rule 55(b), [dkt. 159].  The Court directs the Clerk to docket Chase's Answer to First Amended Complaint, currently appearing at dkt. 153-1, as a separate docket entry immediately following entry of this Order.

12/06/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] Ms. Walton focuses on Chase's alleged "failures to comply with Court orders and plaintiff's discovery requests" in support of her motion for default judgment. [Dkt. 160 at 10.]  The Court finds the history of the parties' discovery disputes irrelevant to the pending motions.

[3] The Court notes, however, that allowing parties to act outside of set deadlines is the exception rather than the rule, and reminds counsel for Chase that it is expected to diligently adhere to all applicable deadlines going forward.

**Distribution via ECF only:**

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Oni N. Harton
BOSE MCKINNEY & EVANS, LLP
oharton@boselaw.com

David J. Jurkiewicz
BOSE MCKINNEY & EVANS, LLP
djurkiewicz@boselaw.com

David Michael Kasell
SADIS & GOLDBERG LLP
dkasell@sglawyers.com

Samuel Jay Lieberman
SADIS & GOLDBERG LLP
slieberman@sglawyers.com

Theodore J. Nowacki
BOSE MCKINNEY & EVANS, LLP
tnowacki@boselaw.com

Alan S. Townsend
BOSE MCKINNEY & EVANS, LLP
atownsend@boselaw.com